No. 227

### INDUSTRIAL COM. v. KROL

No. 18885. Supreme Court

On motion to direct Guernsey Appeals to certify, Dock. Jan. 2, 1925, 3 Abs. 18.

480. EVIDENCE—When there are no witnesses to an accident what weight should be given to hearsay evidence?

Susie Krol, as guardian of her husband, Steve Krol, filed an application with the Industrial Commission for compensation for injury that occurred some four or five years prior to being filed. It is claimed by the guardian that Mr. Krol received an injury in the mine by coming in contact with an electric wire, and which caused insanity. There was no witness to the accident, if one actually did happen. The questions raised and in issue were:

1. Did the injury occur in the course of his employment?

2. What weight should be given to hearsay evidence in this kind of a case?

The Industrial Commission refused compensation; a jury was waived in the Common Pleas on Appeal, and the Court found in favor of the applicant . This was affirmed by the Appeals.

Attorneys—C. C. Crabbe, R. R. Zurmehly, Columbus, and Geo. D. Dugan, for Commission; Nathan H. Barber, for Krol; all of Cambridge.

---

No. 228

### CLEMMER-JOHNSON CO. v. INDUS. COM.

No. 18871. Supreme Court.

In answering demurrer of the Commission.

Dock. Dec. 18, 1924. 3 Abs. 3.

681. JURISDICTION—Has Supreme Court jurisdiction to review matters which involve lawfulness of its order attempted to be enforced, though belated in publication.

The Clemmer-Johnson Co. is a corporation engaged in building and construction work and has operated in compliance with the Workmen's Compensation Act. On Jan. 11, 1924,

five employees of the Company were injured while working on a scaffold in connection with the erection of a certain school building. In due time, all of said employees received the ordinary compensation from the State Insurance Fund; to which they were found entitled. Sometime thereafter, said employees made application to the Industrial Commission for an additional compensation in the nature of penalties, based upon the alleged violation, by the Construction Co. of specific requirements adopted by the Commission Jan. 1, 1924, and which were attempted to be made effective (although not published until after Jan. 11, 1924) as of Jan. 1.

Subsequently the Commission found that the Construction Co. had violated the order of the Commission in respect to the specific requirements and decreed that it should pay to the injured employees a certain sum because of such violation.

The Construction Co. filed a petion in the Supreme Court and the Commission demurred thereto, on the grounds that the Supreme Court has no jurisdiction over the subject matter, and the facts do not state a cause of action.

The Construction Co. contends that the one question is, whether the Supreme Court has jurisdiction to vacate an order of the Industrial Commission based on the violation of a specific requirement which at the time of the alleged violation was not published. 871-38 GC provides in part, that an employer dissatisfied with an order of the Commission may commence an action in the Supreme Court of Ohio.

Attorneys—Knepper & Wilcox, and P. E. Dempsey for Construction Co.; C. C. Crabbe and R. R. Zurmehly; all of Columbus.

---

No. 229

### COOK v. COULMBIA CONST. CO et.

No. 18931. Supreme Court.

Motion to direct Cuyahoga Appeals to certify. Doc. Feb. 2, 1925. 3 Abs. 82.

ATTORNEY FEES—Should they be paid out of entire proceeds of sale of property encumbered by several mortgages, and benefitted by the foreclosure?

L. B. Cook brought an action in the Cuyahoga Common Pleas to foreclose a mechanic's lien on certain property owned by the Columbia Construction Co. It developed that the Harvard Savings and Loan had a first mortgage lien and the second and third mortgages were held by Fowler and Teachout, respectively. Cook, asked that he be allowed a reasonable amount for attorney fees from proceeds of sale of property under 8223°GC. The trial court found that the mechanic liens were subsequent to the first and second mortgage liens but prior to the third mortage lien. Cook was given $334, but only after the first and second mortgage liens had been paid.

Cook prosecuted error and contended that holders of said liens should not benefit by his bringing suit to foreclose and marshal liens; that they also bear their part of the attorney's fees. The Court of Appeals affirmed the judgment of the Common Pleas without opinion. Cook claims error prevails therein.

Attorneys—Scott & Bissell for Cook; Wilkin, Cross & Daoust, Wm. H. Gillie, F. K. Pickering; Smart, Ford, Taylor & Hasselman; Thompson, Hine & Flory for Const. Co. et al.